UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEREK SNEAD,

        Plaintiff,

v.                                     CASE NO. 3:23-cv-713-WWB-MCR

CITY OF LAKE CITY, FLORIDA,
et al.,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Emergency Motion to Quash or Modify Subpoena Duces Tecum ("Motion"). (Doc. 60.) Upon consideration, the Motion is due to be **DENIED.**

### I.    Introduction

Plaintiff Derek Snead ("Plaintiff") filed the present Motion on May 6, 2024, seeking to quash or modify a subpoena duces tecum ("Subpoenas") served by Defendant Columbia County Sheriff's Office ("Defendant").[1] (Doc. 60 at 1.) In the alternative, Plaintiff seeks the entry of a Protective Order. (*Id.*) Plaintiff states that the Subpoenas were served upon five entities: (a)

_____

[1] Although Plaintiff identifies the Defendant as "Columbia County Sheriff's Office" in his Motion, this Court understands Plaintiff to be referencing Defendants Sheriff Mark Hunter, in his official capacity as Sheriff of Columbia County, Aaron Swears, individually, and Howard Bulthuis, individually. (Docs. 60-1 – 60-5 (identifying this collective of Defendants to have issued the Subpoenas).)

James T. Cox, CPA; (b) WCG Inc / Watson CPA Group, PLLC; (c) Cash App / Block, Inc.; (d) Woodforest National Bank; and, (e) and TD Bank c/ o Unites States Corporation Company.  (Docs. 60-1 – 60-5.)  Plaintiff argues that all the Subpoenas must be modified or quashed because they are:

> (1) not reasonably limited in scope; (2) is [sic] not reasonably limited in time; (3) requests financial records that are not reasonably calculated to lead to the discoverability of admissible evidence; (4) requests financial records of Plaintiff that are private, confidential, and only subject to discovery in aid of execution; and (5) requests records that would reveal private and confidential financial information relating to Plaintiff's business dealings that have nothing to do with this proceeding, and may otherwise reveal information protected by Fla. Stat. Sec. 90.5055, Fla. Stat. Sec. 655.059, or Plaintiff's Fifth Amendment Constitutional right to protect against self incrimination.

(Doc. 60 at 3.)  Defendants, Sheriff Mark Hunter, in his official capacity as Sheriff of Columbia County, Aaron Swears, individually, and Howard Bulthuis, individually (collectively, "Defendants"), responded to Plaintiff's Motion on May 21, 2024.  (Doc. 71.)

The Subpoenas identified by Plaintiff exist in two broad categories. (Docs. 60-1 – 60-5.)  First, the Subpoenas to Plaintiff's accountants, James T. Cox, CPA and WCG Inc / Watson CPA Group, PLLC ("Accountant Subpoenas").  (Docs. 60-1, 60-2.)  Second, the Subpoenas to Plaintiff's banks ("Bank Subpoenas").  (Docs. 60-3 – 60-5.)

Defendants provide proof of service of the Accountant Subpoenas for both James T. Cox, CPA and WCG Inc / Watson CPA Group, PLLC.  (Docs.

71-3 at 12, 71-6.)  Differently, Defendants state that, "to date, the Bank Subpoenas have not yet been issued for service or served."  (Doc. 71 at 7.) Consequently, Plaintiff's Motion will only be considered insofar as it pertains to quashing or modifying the active Accountant Subpoenas.

The Accountant Subpoenas were noticed to Plaintiff on April 22, 2024, and were subsequently served on James T. Cox, CPA, and WCG Inc / Watson CPA Group, PLLC (collectively, "Accountants") on April 24, 2024, and May 1, 2024, respectively.  (Docs. 71-5, 71-6.)  Defendants demanded production in response to each Accountant Subpoena by May 7, 2024.  (Doc. 71 at 10.)  The documents were directed to be produced to the following address:  Coppins Monroe, P.A at 2316 Killearn Center Blvd., Suite 202, Tallahassee, Florida 32309.  (Docs. 60-1 at 1, 60-2 at 1.)

During communication between the parties, Defendants were "given reason to be concerned that Plaintiff's counsel was contacting the recipients of the Accountant Subpoenas directly in an effort to delay or halt production." (Doc. 71 at 8.)  Defendants contacted both Accountants to ensure that production was underway, and both replied stating that Plaintiff advised the Accountant Subpoenas had been "withdrawn," "sent erroneously," "rescinded," or "cancelled." (Docs. 71 at 8-9, 71-4 at 2.)  Defendants allege that, due to Plaintiff's interference, WCG Inc / Watson CPA Group, PLLC requested a short extension by which to resume production compliance.  (Doc.

3

71 at 12.)  However, no documents have been produced because, on May 7, 2024, this Court stayed discovery, directing that "no documents should be produced until further order of this Court."  (Doc. 61 at 2.)

## II.    Standard

### a.  Quashing or Modifying a Subpoena

Federal Rule of Civil Procedure 45 governs the subpoena process and its parameters.  *See* Fed. R. Civ. P. 45.  In pertinent part, Rule 45 explains when a court must, or may, quash or modify a subpoena:

*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i)    fails to allow a reasonable time to comply;

    (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)    subjects a person to undue burden.

*When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required *may*, on motion, quash or modify the subpoena if it requires:

    (i)    disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)-(B).   Importantly, these rules specify that the proper court in which to request action in response to a subpoena is "the

court for the district where *compliance is required*." Fed. R. Civ. P. 45(d)(3)
(emphasis added). Therefore, motions to quash or modify a subpoena "may
only be filed in the district court where compliance is required." *U.S. Equal
Empl. Opportunity Comm'n v. O'Reilly Automotive Stores, Inc.*, No.
619CV882ORL31LRH, 2020 WL 13547829, *3 (M.D. Fla. Sept. 17, 2020)
(citation omitted); *see Lebarr v. Lay*, No. 3:20-CV-88-HLA-JBT, 2022 WL
2275172, *1 (M.D. Fla. June 23, 2022) ("Because the subpoena requires
compliance in the Northern District of Florida, any motion seeking to enforce
the subpoena must be filed there or transferred from there. Accordingly, this
Court is not the appropriate venue in which to seek to enforce the
subpoena."); *NuVasive, Inc. v. Absolute Med., LLC*, No.
617CV2206ORL41GJK, 2018 WL 11343351, *1 (M.D. Fla. Aug. 2, 2018) ("The
Motion fails to provide any authority for the proposition that this Court is the
proper venue to raise the relief requested regarding these subpoenas.");
*Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2017 WL 11025770, at *2
(M.D. Fla. May 9, 2017) ("Accordingly, pursuant to Federal Rule of Civil
Procedure 45(d)(3)(A), the Middle District of Florida is not 'the district where
compliance is required' and lacks the jurisdiction to quash this subpoena.")
(citing *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores*, Inc., No. 6:14-cv-
203-Orl-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014)).

5

To be sure, Rule 45 distinguishes between the "issuing court" and the "court of compliance." *Lincare Inc. v. Tinklenberg*, No. 8:20-CV-1002-T-02AAS, 2020 WL 6484994, *2 (M.D. Fla. Nov. 4, 2020). Under Rule 45, a subpoena must be *issued* by the court where the underlying action is pending, but the place for *compliance* for the "production of documents" is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Id.* (quoting Rule 45). Thus, the district court with jurisdiction to enforce and to quash subpoenas is the court for the district where compliance is required, which may or may not be the court that issued the subpoena. *Narcoossee Acquisitions, LLC*, 2014 WL 4279073, at *1.

> b. <u>Entering a Protective Order</u>

Federal Rule of Civil Procedure 26(c)(1) governs the issuance of protective orders in certain situations. *See* Fed. R. Civ. P. 26(c)(1).

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (A) forbidding the disclosure or discovery;
> >
> > (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1)(A)-(H).  The party or person moving for a protective order must show "good cause" exists for the court to issue such an order.  *Id.*; *Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).  A showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *U.S. Equal Empl. Opportunity Comm'n*, No. 619CV882ORL31LRH, 2020 WL 13547829, at *3 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  [W]hether good cause exists . . . is a factual matter to be decided by the nature and character of the information in question." *Chicago Trib. Co. v. Bridg0000 estone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001).

7

Additionally, a party seeking a protective order "must show not only good cause but also—in the case of a party who objects to another party's discovery request aimed at a third party—standing to object on behalf of them." *U.S. Equal Empl. Opportunity Comm'n*, 2020 WL 13547829, at *3 (citation omitted); *see also Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6730978, at *2 (M.D. Fla. Oct. 8, 2020) ("[A] Court should only issue a protective order when the movant demonstrates, through affidavit or testimony, the specific harm that would result from disclosure or loss of confidentiality.").

Finally, as "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible," the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *Davis v. State Farm Mut. Automobile Ins. Co.*, No. 6:23-CV-1145-WWB-DCI, 2024 WL 3856243 (M.D. Fla. Aug. 19, 2024) (citing *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989)); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

## III.   Analysis

### a.   Quashing or Modifying a Subpoena

Plaintiff asks this Court to quash or modify Defendants' Accountant Subpoenas.  (Doc. 60.)  However, this Court is merely the issuing court and

not the "court in the district where compliance is required." Fed. R. Civ. P.

45(d)(3); *see U.S. Equal Empl. Opportunity Comm'n*, 2020 WL 13547829, at

*3. In his Motion, Plaintiff states the following:

> [T]o the extent necessary and in an abundance of caution, Plaintiff requests this Court pursuant to Rule 45(f) to resolve these matters. However, because the place of compliance is this district, such measures are not believed necessary.

(Doc. 60 at n. 5.)

However, upon review, Plaintiff's representation is inaccurate in at

least two respects. First, Plaintiff cannot request that this Court assume

jurisdiction; instead, "the court where compliance is required . . . may

transfer a motion under [Rule 45(f)] if the person subject to the subpoena

consents or if the court finds exceptional circumstances." Fed. R. Civ. P.

45(d)(3); *see* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment

("Rule 45(f) provides authority for that court to transfer the motion to the

court where the action is pending.").   Here, Plaintiff is neither the person

subject to the subpoena able to consent to its transfer, nor is he petitioning

the proper court to do so.  Second, Plaintiff is incorrect in stating that the

place of compliance is this district.  As the Accountant Subpoenas direct

compliance in Leon County, Tallahassee, Florida (Docs. 60-1 at 1, 60-2 at 1),

the proper court is the Northern District of Florida.  *See* N.D. Fla. R. 3.1

("[T]he Tallahassee Division includes Leon, Gadsden, Liberty, Franklin,

Wakulla. . . Counties.").  Thus, if the Northern District "finds exceptional circumstances, or if [the Accountants] consent, the [M]otion can be transferred here for resolution." *Klinkman v. Truist Bank*, No. 2:23-CV-583-SPC-KCD, 2023 WL 9285129 (M.D. Fla. Dec. 11, 2023) (citing Fed. R. Civ. P. 45(f)).

At present and absent any indication that Plaintiff's Motion was transferred from the district where compliance is required under Rule 45(f), this Court is without authority to rule on the Motion. *See Bernath*, 2017 WL 11025770, at *2.  Consequently, the Plaintiff's Motion to the extent it seeks to modify or quash the Accountant Subpoenas is due to be **DENIED.**

    b.  Entering a Protective Order

Unlike quashing or modifying the Accountant Subpoenas, this Court can grant or deny a protective order concerning the records that Plaintiff seeks to protect.  Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.")  To do so, Plaintiff must demonstrate good cause, standing to seek the protective order, and that Plaintiff's interests outweigh Defendants' discovery interests.

The Accountant Subpoenas seek, *inter alia*, Plaintiff's "tax returns, accounting records, bookkeeping records, receipts, invoices," contracts, payments, trusts, and correspondence between him and his Accountants.

10

(Docs. 60-1 at 2, 60-2 at 2.)  To quash these, Plaintiff must show "particular and specific" facts, not "stereotyped and conclusory statement[s] supporting the need for a protective order." *Auto-Owners Ins. Co.*, 231 F.R.D. at 429 (citation omitted).

In his Motion, Plaintiff generally argues that the Accountant Subpoenas seek documents that are irrelevant to the instant litigation and are not proportional to the needs of the case.  (Doc. 60 at 14.)  In doing so, Plaintiff relies on the narrowed relief sought in his Second Amended Complaint.  (Doc. 60 at 15; *see* Doc. 58.)  However, this Court has already denied Plaintiff's request to file a Second Amended Complaint.  (Doc. 80.)  Thus, Plaintiff's argument, which relies on this Court granting his request to file a Second Amended Complaint, fails.

Further, Plaintiff has not convinced this Court that Defendants' "requests for tax returns, CPAs files, and virtually unlimited financial records have [any other] purpose other than to harass Plaintiff and obtain private and sensitive financial information."  (Doc. 60 at 16.)  Plaintiff merely concludes that the subpoenas will subject him and third-party recipients to undue burden without explaining that burden or any specific facts to compel this Court to protect the requested records from distribution.[2] (Doc. 60 at 12.)

---

[2] This Court also notes that Plaintiff also lacks standing to state that third parties have been subjected to undue burden.  *See Auto-Owners Ins. Co.*, 231 F.R.D. at 429

Moreover, Plaintiff fails to convince this Court that "the interests of the party seeking the protective order outweigh the interests of the opposing party." *McCarthy*, 876 F.2d at 91. As such, Plaintiff has failed to show good cause for this Court to issue a protective order regarding the Accountant Subpoenas.

Accordingly, it is **ORDERED**:

1. Plaintiff's Emergency Motion to Quash or Modify Subpoena Duces Tecum (Doc. 60) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, on September 9, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").